IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SAGE REDWIND,                                                    Case No. 3:18-cv-02094-SB

                              Plaintiff,                         **OPINION AND ORDER**

               v.

WESTERN UNION LLC,

                              Defendant.

---

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiff Sage Redwind ("Plaintiff"), appearing as a self-represented litigant, brings this

case against her former employer, Western Union LLC ("Defendant"), alleging discrimination in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. (ECF No. 1.)

Pending before the Court is Plaintiff's motion for reconsideration of this Court's order granting

Defendant's motion to stay briefing on Plaintiff's motion for sanctions under Rule 11. (ECF No.

21.) The Court has jurisdiction over this case under 28 U.S.C. § 1331. For the following reasons,

the Court denies Plaintiff's motion for reconsideration.

///

///


PAGE 1 – OPINION AND ORDER

**BACKGROUND**

On December 6, 2018, Plaintiff filed a complaint alleging that Defendant discriminated against her on the basis of race, gender, and national origin. (ECF No. 1.) On December 28, 2018, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of "certain counts of Plaintiff's complaint because they fail to state a claim upon which relief can be granted." (ECF No. 5.) Plaintiff filed a response fourteen days later, asking the Court to deny Defendant's motion because (1) Defendant violated Local Rule ("LR") 7-1(a)(1)(A); (2) Rule 12(b)(6) does not allow a party to move for partial dismissal; (3) Plaintiff sufficiently alleged a claim for relief; and (4) Defendant failed to file an answer to Plaintiff's complaint. (ECF No. 13.)

Before Defendant filed its reply, Plaintiff filed a motion to impose sanctions under Rule 11. (ECF No. 15.) Plaintiff argued that sanctions were warranted because (1) Defendant falsely certified that the parties were unable to resolve their dispute without the Court's intervention; (2) Defendant's Rule 12(b)(6) motion is procedurally improper; (3) Plaintiff sufficiently alleged a claim for relief; and (4) Defendant failed to file an answer to Plaintiff's complaint. (ECF No. 15.) After filing a reply in support of its motion to dismiss, Defendant moved to stay briefing on Plaintiff's motion to impose sanctions. (ECF No. 19.) The Court granted Defendant's motion to stay. (ECF No. 20.) Plaintiff's motion for reconsideration followed. (ECF No. 21.)

**ANALYSIS**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1 J. Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff argues that the Court erred in

granting Defendant's motion to stay briefing on Plaintiff's motion to impose sanctions. The Court disagrees.

A district court has the power to stay proceedings and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Considerations of judicial economy allow a court to "find it is efficient for its own docket, and the fairest course for the parties to enter a stay[.]" *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979).

Here, Plaintiff asserts virtually identical arguments to oppose Defendant's motion to dismiss and to support her motion for sanctions. As a result, a decision on Defendant's motion will necessarily resolve the arguments Plaintiff makes in her motion. Therefore, staying further briefing on Plaintiff's motion for sanctions conserves time and effort for both the parties and the Court. The Court assures Plaintiff that it will consider her request for sanctions after ruling on Defendant's motion to dismiss.

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's motion for reconsideration. (ECF No. 21.)

**IT IS SO ORDERED.**

DATED this 8th day of February, 2019.

STACIE F. BECKERMAN
United States Magistrate Judge