IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SAGE REDWIND, | Case No. 3:18-cv-02094-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| WESTERN UNION, LLC, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Sage Redwind ("Redwind"), appearing as a self-represented litigant, filed this action against her former employer, Western Union, LLC ("Western Union"), alleging claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Redwind filed an amended complaint on July 23, 2019, and Western Union filed its answer on August 5, 2019. Pending before the Court are Redwind's Motion for Defendant to Provide Definite Statements (ECF No. 66), and Motion to Strike Part of Defendant's Answer in Paragraph 41 (ECF No. 67).

The Court has jurisdiction over this case under 28 U.S.C. § 1331. Redwind's motions are not dispositive of any claim or defense, and therefore a U.S. Magistrate Judge may resolve the

motions. *See Reddy v.* Morrissey, No. 3:18-cv-00938-YY, 2018 WL 4407248, at *1 n.1 (D. Or. Sept. 17, 2018) ("While a motion to dismiss is dispositive, this motion to strike is not and therefore may be resolved with an opinion and order by a magistrate judge."); *see also* Fed. R. Civ. P. 72(a) (providing that U.S. Magistrate Judges may issue orders "[w]hen a pretrial matter is not dispositive of a party's claim or defense").[1] For the following reasons, the Court denies Redwind's motions.

## DISCUSSION

### I. MOTION FOR A MORE DEFINITE STATEMENT

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Redwind moves for a more definite statement in paragraph 43 of Western Union's answer, to which no responsive pleading is allowed. Accordingly, Rule 12(e) does not apply. In any event, Fed. R. Civ. P. 8(b) allows Western Union to deny Redwind's allegations, and Western Union is not required to explain or provide evidence in support of its denial. Accordingly, the Court denies Redwind's motion for a more definite statement.

### II. MOTION TO STRIKE "AMONG OTHER THINGS" IN PARAGRAPH 41

Under Rule 12(f), the court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter in a pleading is content that has no essential or important relationship to the claim for relief or the defenses being pleaded," while "'[i]mpertinent' matter is that which does not

---

[1] Redwind's motion to strike Western Union's affirmative defenses (ECF No. 65) is potentially dispositive of Western Union's defenses, and is the subject of a separate Findings and Recommendation issued on this same date.

pertain, and is not necessary, to the issues in question." *Complete Distrib. Servs., Inc. v. All States Transp., LLC*, No. 3:13–cv–00800–SI, 2015 WL 1393281, at *2 (D. Or. Mar. 25, 2015) (citation, brackets, and quotation marks omitted).

In her complaint, Redwind alleges in paragraph 41 that "[o]n February 13, 2018, Western Union terminated Redwind's employment alleging Redwind filed a 'bad faith complaint.'" (Am. Compl. ¶ 41.) In its answer, Western Union "admits that it terminated Plaintiff's employment on February 13, 2018 for, among other things, making a complaint in bad faith." (Answer ¶ 41.) Redwind moves to strike the phrase "among other things," on the ground that Western Union represented in its termination letter that "'[y]ou are being let go based on your dishonesty in these acts, and for no other reason whatsoever'" and therefore Western Union's answer is contrary to the evidence. (Pl.'s Mot. at 3.) Western Union responds that it identified several acts of dishonesty in its termination letter, and therefore its statement that it terminated Redwind's employment for, among other things, making a complaint in bad faith, is accurate. (Def.'s Resp. at 3-4.)

The Court need not resolve the parties' factual dispute at this stage of the litigation. *See Estate of Osborne-Vincent v. Ameriprise Fin., Inc.*, No. 3:16-cv-02305-YY, 2019 WL 764029, at *5 (D. Or. Jan. 3, 2019) ("[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike."). There is nothing insufficient, redundant, immaterial, impertinent, or scandalous about Western Union's use of the phrase "among other things" in paragraph 41 of its answer, and therefore the Court denies Redwind's motion to strike.

### III. SERVICE

Redwind challenges Western Union's failure to serve her with a paper copy of its answer, but the Court granted Redwind's application for CM/ECF registration in January 2019, and therefore Western Union's electronic filing of its answer via CM/ECF was sufficient to serve

Redwind. *See* LR 5(c)(1) ("[T]he receipt by the *pro se* party [who is a registered user] of the Court's e-mail notices of electronic filing will constitute service upon the *pro se* party.").

## IV. LOCAL RULE 7-1

The Court reminds Redwind that she is required to make a good faith effort to resolve disputes with Western Union's counsel prior to filing a motion, and then certify in the motion that she has conferred with Western Union. *See* LR 7-1(a). The Court has authorized conferral via email in this case. The Court will strike any future motion filed without a certificate of conferral.

## CONCLUSION

For the reasons stated, the Court DENIES Redwind's Motion for Defendant to Provide Definite Statements (ECF No. 66), and DENIES Redwind's Motion to Strike Part of Defendant's Answer in Paragraph 41 (ECF No. 67).

**IT IS SO ORDERED.**

DATED this 19th day of November, 2019.

*[signature: Stacie F. Beckerman]*

STACIE F. BECKERMAN
United States Magistrate Judge